MR. JUSTICE MORRISON
respectfully dissents as follows:
The single issue at trial regarding the charge against Karl Gratzer was whether he should be convicted of deliberate homicide or mitigated deliberate homicide. Deliberate homicide is causing the death of another while acting with purpose or knowledge unless the defendant so acts while under the influence of extreme mental or emotional stress. If defendant acted purposefully or knowingly, but while under severe mental or emotional stress, then defendant is guilty of mitigated deliberate homicide rather than deliberate homicide.
The burden of proving that defendant acted purposely and knowingly is on the State and the State must prove this mental state beyond a reasonable doubt. The question here is who has the burden of proving the existence or absence of severe mental or emotional stress.
The majority opinion finds that neither party has the burden of proof but the jury just makes a determination with no legal standards. This, of course, is impossible. If the jury finds the evidence presented by the prosecution and by the defense to be evenly balanced, then who would prevail?
The law in Montana is clear and has been since the Supreme Court of Montana decided State v. Crean, 43 Mont. 47, 114 P. 603 (1911). In the Crean case, the trial court instructed the jury as follows:
“As to the amount of evidence necessary to be introduced by the defendant so as in law to mitigate, excuse, or justify *324 the homicide, you are instructed it must be at least sufficient to create in the minds of the jury, upon a consideration of all of the evidence in the case, a reasonable doubt.”
The above instruction was affirmed by the Supreme Court. 114 P. at 606.
Under the law, the defendant has the burden of coming forward with evidence of severe mental or emotional stress sufficient to raise a reasonable doubt. Thereafter, the State has the burden of proving beyond a reasonable doubt that defendant acted absent severe mental or emotional stress. If the State fails in its burden to exclude severe mental or emotional stress, but succeeds in proving purpose or knowledge causing death, then the jury must convict of mitigated deliberate homicide rather than deliberate homicide.
The trial court in this case failed to properly instruct the jury. The trial court simply set forth the statutory definition of mitigated deliberate homicide without instructing the jury about the burden of proof. The jury was left to speculate. Defendant, in this case, introduced psychiatric testimony supporting the defense position that defendant operated under severe mental or emotional stress. In weighing this evidence the jury must necessarily have had an instruction with respect to burden of proof. The evidence, as a matter of law, was sufficient to raise a reasonable doubt and the State had to exclude mitigation beyond a reasonable doubt.
The majority opinion which relieves the State of its burden, and in effect, leaves the jury with no legal standard whatever, violates the defendant’s due process rights. The error is so apparent that a review by a federal court will surely result in reversal.